**Jo Ann ROBERTS, Plaintiff,**

v.

**BOARD OF EDUCATION, HAZEL CREST SCHOOL DISTRICT NO. 152½, Cook County, Illinois, A Body Politic and Corporate; Earline Wilson, Olivia Andrews, Gertrude Rucker, David Daniels, Donna Gayden, Kenneth Williams and Willie Webb, as members of the Board of Education, Hazel Crest School District No. 152½, Cook County, Illinois, and Individually, Defendants.**

No. 98 C 2687.

United States District Court,
N.D. Illinois,
Eastern Division.

May 25, 1999.

---

Robert A. Berghoff, Christopher John Berghoff, Berghoff & Berghoff, Chicago, IL, for Plaintiff.

Richard A. Hauser, Scariano, Ellch, Himes, Sraga and Petrarcs, Chtd., Chicago, IL, Susan H. Walter, Scariano, Kula, Ellch and Himes, Chtd., Chicago Heights, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Jo Ann Roberts brought this action against her former employer, the Board of Education of Hazel Crest School District No. 152 ½ ["the Board"], and individual members of the Board for breach of contract, deprivation of due process under 42 U.S.C. § 1983 [§ 1983], and defamation. The defendants brought two amended counterclaims, for recovery of fraudulently obtained public funds and breach of contract. Both sides seek summary judgment. For the following reasons, Dr. Roberts' motions are denied and the defendants' motions are granted.

### Background

Dr. Roberts was employed by the Board as superintendent of Hazel Crest School District No. 152½ from July 1, 1996 to January 12, 1998 pursuant to a "Superintendent's Contract" [the "contract"] that was valid through June 30, 1998. According to the terms of the contract, the Board could terminate Dr. Roberts' employment for cause. At a special meeting of the Board on February 27, 1997, the Board presented to Dr. Roberts a contract extending the term of her employment through June 30, 1999. Dr. Roberts did not sign the contract extension at the February 27 meeting; she cannot remember when she signed it.

In October 1997, the Board brought a number of charges against Dr. Roberts and placed her on administrative leave with full pay and benefits. Dr. Roberts was given notice of the time and place of a hearing before an independent hearing officer, and a two-day hearing was held. Dr. Roberts was represented by counsel and was given the opportunity to cross-examine witnesses, call her own witnesses, and testify on her own behalf. The hearing officer prepared a lengthy report on the evidence presented at the hearing, finding insufficient evidence on all charges against Dr. Roberts. On January 12, 1998, the Board met and reviewed the hearing officer's report. The Board made its own findings and voted to discharge Dr. Roberts.

Dr. Roberts brought this action, alleging breach of contract, deprivation of due process, and defamation. The Board filed counterclaims for recovery of fraudulently obtained public funds and breach of contract. Dr. Roberts now moves for summary judgment on the counterclaims, as well as on her breach of contract and due process claims. Her motion for summary judgment is based on a motion for collateral estoppel, in which she seeks to give preclusive effect to the hearing officer's findings. The defendants, in turn, move for summary judgment on certain aspects of Dr. Robert's breach of contract claim as well as on her due process and defamation claims.

### Collateral Estoppel

Dr. Roberts argues that the hearing officer's findings should be given preclusive effect in this lawsuit. Specifically, Dr. Roberts argues that the hearing officer's determination that there was insufficient evidence to support the charges precludes the Board from litigating whether there was sufficient evidence of cause for her removal. Pursuant to the contract, the Board could remove Dr. Roberts for cause,

meaning "any conduct, act, or failure to act by the Superintendent which is detrimental to the best interests of the School District." (Superintendent's Contract ¶ 7(D)). On October 20, 1997, the Board sent Dr. Roberts a letter serving as an amended notice of charges and bill of particulars. The letter states that the Board "shall appoint an independent hearing officer to consider evidence in support [of] and against the charges stated herein." (October 20, 1997 letter from Earline Wilson to Jo Ann Roberts). The letter further provides:

> The hearing officer shall prepare a report of the evidence and make a recommendation to [the Board] as to whether cause exists for your dismissal. Pending [the Board's] decision on the report and recommendation of the hearing officer, you are hereby placed on administrative leave with full pay and benefits. (October 20, 1997 letter from Earline Wilson to Jo Ann Roberts).

■ The Board, not the hearing officer, had authority to determine whether cause existed for Dr. Robert's dismissal. In Illinois, a school board may not delegate discretionary functions. *Board of Educ. of City of Chicago v. Chicago Teachers Union, Local 1*, 88 Ill.2d 63, 430 N.E.2d 1111, 1116, 58 Ill.Dec. 860, 865 (1981). Accordingly, a school board may not delegate its authority to determine whether cause exists to discharge a superintendent. *Daleanes v. Board of Educ. of Benjamin Elementary School Dist. 25, DuPage County*, 120 Ill.App.3d 505, 457 N.E.2d 1382, 1387, 75 Ill.Dec. 823, 828 (1983). As the letter to Dr. Roberts indicates, the hearing officer made recommendations on whether there was sufficient evidence to support the charges against Dr. Roberts, but the Board made the final determination. Even assuming the hearing officer could be considered an agency, the hearing officer did not possess the powers required of an agency to be considered a judicial body for the purposes of estoppel. *See Banks v. Chicago Hous. Auth.*, 13 F.Supp.2d 793, 796 (N.D.Ill.1998) (holding that an agency acts in a judicial capacity when its decision is final and conclusive). The hearing officer could only make a recommendation and not a final finding as to whether cause existed for Dr. Roberts' dismissal under her contract, and therefore collateral estoppel does not apply.

### Dr. Roberts' Motion for Summary Judgment

■ Dr. Roberts first moves for summary judgment on the defendants' counterclaims. Without any specific citations to the record, Dr. Roberts argues that there are no material issues of fact because the hearing officer determined there was insufficient evidence to support claims of fraudulently obtained public funds and breach of contract. Even if the hearing officer did make such conclusions, for the reasons discussed above Dr. Roberts cannot rely on collateral estoppel to support her motion for summary judgment. Therefore her motion for summary judgment on the defendants' counterclaims is denied.

■ Dr. Roberts also moves for summary judgment on her claims for breach of contract and deprivation of due process, arguing that she should prevail on these claims as a matter of law because the hearing officer did not find cause for her removal. The hearing officer did not have authority to make a final determination as to whether cause existed for termination of Dr. Roberts' employment. Dr. Roberts' motion for summary judgment is denied accordingly.

### The Defendants' Motion for Summary Judgment

■ The defendants move for summary judgment on the portion of Dr. Roberts' contract claim relating to her contract extension, her due process claim, and her defamation claim.

*The Contract Extension*

On February 17, 1997 at a special meeting, the Board presented to Dr. Roberts a contract extension through June 30, 1999. The defendants argue that Dr. Roberts rejected the contract extension at the meeting and signed it at some later date without informing the Board. The contract extension is dated February 27, 1997. Dr. Roberts admits that she did not sign the contract extension at the meeting, but that she signed it at some later date which she cannot recall. The contract extension states that there are no changes to the original contract. The defendants argue that Dr. Roberts objected to the terms of the original contract, and that she refused to sign the contract extension at the February 27 meeting.

In response to the motion for summary judgment, Dr. Roberts points only to a statement made at the hearing by the Board secretary that all the parties signed the extension on February 27, 1997. This is contradicted by Dr. Roberts' own admission that she signed the extension some time later, after consulting her attorney. In addition, Dr. Roberts admits that she does not know whether she would have worked for the Board without an increase in salary, and that she was waiting for the Board to get back to her on the salary issue. According to Board president Earline Wilson, Dr. Roberts said she was going to contact Board attorneys and then get back to the Board. Ms. Wilson says she did not see the contract again until the hearing. Dr. Roberts denies the accuracy of this statement, but cannot recall when she signed the contract extension and does not point to any testimony indicating she told the Board she accepted the terms of the contract. Because Dr. Roberts has not set forth any evidence from which a reasonable jury could infer she accepted the terms of the contract extension with the Board's knowledge, the defendants' motion for summary judgment on this claim is granted.

*The Due Process Claim*

The defendants argue that, although they are unclear as to what type of due process claim Dr. Roberts is asserting, summary judgment should be granted in their favor. In their motion for summary judgment defendants make arguments regarding both procedural and substantive due process. Dr. Roberts has not responded to the arguments regarding a deprivation of liberty claim, and insofar as Dr. Roberts may have been alleging such a claim the defendant's motion for summary judgment is granted.

■ The parties do not dispute that Dr. Roberts had a protected property interest in her position as superintendent. To show that the defendants violated her substantive due process property interest under § 1983, Dr. Roberts must demonstrate "(1) that the decision was arbitrary and irrational, and (2) that the decision-makers either committed another substantive constitutional violation or that state remedies are inadequate." *Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1*, 143 F.3d 351, 357 (7th Cir.1998). Even assuming that the record would reveal an issue of material fact as to whether the decision was arbitrary and irrational, Dr. Roberts has put forth no evidence indicating that the Board committed another constitutional violation or that state remedies are inadequate. Since Dr. Roberts has not shown a genuine issue of material fact on both elements of a substantive due process claim, summary judgment for the defendants is granted.

■ The defendants also argue that they are entitled to summary judgment on Dr. Roberts' procedural due process claim. Dr. Roberts concedes that she was given notice detailing the reasons for her proposed termination, that a hearing was held in which she called witnesses, cross-examined witnesses, presented evidence, and made arguments, and that she was represented by counsel. Dr. Roberts argues

that she was deprived of procedural due process because the Board was biased and disregarded the recommendation of the hearing officer. In response to the defendants' summary judgment motion, Dr. Roberts alleges that Gertrude Rucker was biased because she testified at the hearing, and that Olivia Andrews was biased because she was a member of a committee from which most of the charges emanated. Not only has Dr. Roberts failed to cite to the record, she has failed to include any facts regarding such allegations in her Local Rule 12(M) or 12(N) statements. Such inadequate pleadings alone are sufficient reason to grant the defendants' summary judgment motion on the procedural due process claim. The record, however, also offers no support for the allegation that Ms. Andrews was biased because she was on a committee, or that the committee made up the charges against Dr. Roberts. In addition, as Board secretary Ms. Rucker testified at the hearing for the sole purpose of laying the foundation for the Board's minutes. On cross-examination Dr. Robert's counsel asked Ms. Rucker about her signature on the contract extension, but there is no indication she testified about the charges against Dr. Roberts.

Dr. Roberts concedes that an unbiased Board retained authority to determine whether cause existed to discharge her. The defendants point to deposition testimony of the Board members stating that they considered the hearing officer's report before drawing their own conclusions. Dr. Roberts has not cited to any authority supporting her position that by drawing its own conclusions the Board violated her procedural due process rights. Therefore the defendants' motion for summary judgment on her procedural due process claim is granted. *See Honore v. Douglas*, 833 F.2d 565, 568 (5th Cir.1987) (holding that a professor could not demonstrate a proce-

dural due process violation where the Board of Regents had ultimate decision-making authority on tenure and rejected the hearing committee's recommendation to grant the professor tenure).[1]

*The Defamation Claim*

■ The defendants also move for summary judgment on Dr. Roberts' defamation claim. In the October 30, 1998 memorandum and order addressing the defendants' motion to dismiss, I held that the individual members of the school board are privileged from liability for defamation if they made the statements at issue within the scope of their official duties. I denied the motion to dismiss because it was unclear from the complaint whether the Board members made and disseminated the allegedly defamatory statements only in the course of their official duties. The defendants argue that discovery has now closed and that Dr. Roberts has presented no evidence indicating that the Board members disseminated the charges outside the scope of their official duties. In response, Dr. Roberts points to her deposition testimony, where she states that she was contacted by a newspaper employee who said that someone faxed the newspaper the notice of charges and bill of particulars.

Dr. Roberts does not know who faxed the notice and bill of particulars, and she has not given any basis for admitting an out of court statement by an unknown newspaper employee saying that someone faxed the charges to the newspaper. In addition, Dr. Roberts admits that she herself made the charges available to the administrative team, and that she distributed the charges in a meeting with district principals. In her deposition, Dr. Roberts could point to only one conversation in which a Board member allegedly discussed the charges against her outside the scope of Board duties.[2] Dr. Roberts testified

---

1. The defendants also move for summary judgment on the issue of immunity, but Dr. Roberts makes clear in her response that her § 1983 claim is only against the Board.

2. In her deposition Dr. Roberts mentions several other conversations that may have taken place between Board members and third parties, but she concedes that the only conversa-

that her aunt, Willie C. Spraggans, told her she had a conversation with Willie Webb regarding some of the charges against Dr. Roberts. Dr. Roberts was not present during the conversation, and Dr. Roberts has not submitted a deposition or affidavit of her aunt. I agree with the defendants that Dr. Roberts has not set forth evidence that would support a jury finding that any of the Board members disseminated the charges outside of their duties. Therefore the defendants' motion for summary judgment on the defamation claim is granted.

### Conclusion

For the reasons discussed above, Dr. Roberts' motion for summary judgment is denied, and the defendants' motion for summary judgment is granted.

tion she can testify to knowingly is the conversation between Mr. Webb and her aunt.

(Pl. Dep. at 66).